MAE DORAN, Plaintiff, *v.* EUGENE SACKETT, EUGENE SACKETT, JR., and Another, Defendants.

ELIZABETH KELSEY, Plaintiff, *v.* EUGENE SACKETT, EUGENE SACKETT, JR., and Another, Defendants.

Supreme Court, Monroe County, December 3, 1931.

*Hilbert & Keefe*, for the plaintiffs.

*Vincent J. Mulvey*, for the defendants.

RODENBECK, J. The costs asked by the defendant Sackett, Sr., are discretionary. (Civ. Prac. Act, § 1476.) He did not unite in the answer of the son, nor can it be said that he is united in interest with him. Under such circumstances, he would not be entitled to any costs. But, not having united in the answer and not being united in interest, costs may be awarded to him in the court's discretion. This discretion, however, should not be exercised in his favor. The son was driving his father's car, and there is a presumption that it was being used in the latter's service, so that it was quite reasonable that both father and son should be

joined as defendants. Their defense of the actions was the same, except that the father had the additional defense that the car was being used without his permission, and in this defense he has succeeded. Under such circumstances, costs should not be allowed to him. The judgments are small, one of them being only for a hundred dollars, and any award of costs will substantially reduce the amount of the recoveries.

Costs are denied as a matter of discretion.

So ordered.